THE STATE OF FLORIDA *ex rel.* W. H. ELLIS, AS ATTORNEY-GENERAL OF SAID STATE, AND J. M. BARRS, AS SPECIAL COUNSEL FOR THE RAILROAD COMMISSIONERS OF THE STATE OF FLORIDA, *Plaintiff,* v. ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION, *Respondent.*

1. When upon a trial of an issue of the reasonableness of a specific rate fixed by the Railroad Commission, the railroad company

VOL. 48, JUNE TERM, 1904.          147

State *ex rel* Att'y-Gen. v. A. C. L. R. R. Co.—Opinion of Court.

fails to show that this rate is materially less than the one voluntarily charged, or any facts from which it can be said that the rate is unreasonable, mandamus will issue to enforce the rate.

2. When a specific rate is fixed by the Railroad Commission, the courts are not concerned whether such rate may be unnecessary or merely speculative.

3. When upon the trial of an issue, whether the enforcement of a specific rate, when taken in connection with the other schedule of rates enforced by the Railroad Commission, would result in depriving a railroad company of its property without due process of law and of the equal protection of law, it is shown that the domestic business alone produces a net earning of 3 per cent. on the total valuation of the road in the State, after charging against such earning the whole amount of the taxes, and there is no proper showing whereby the court can determine what proportion of the total value of the property should be assigned to local business, and the interstate and foreign business is large, mandamus will issue to enforce the rate.

This case was decided by the court *En Banc*.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

*W. H. Ellis*, Attorney-General, and *J. M. Barrs* for plaintiff.

*Jno. E. Hartridge* for respondent.

COCKRELL, J.—This cause is before us for final determination upon the proof taken on the issues raised by the amended return of the respondent filed by leave of this court July 26, 1904. A motion to quash this return was overruled upon respondent's contention that the return presented the two issues, first that the phosphate rate here sought to be enforced was in and of itself unreasonable, and, second, that taken in connection with the other schedule of freight rates enforced by the State Railroad Commission

in Florida, its enforcement would result in depriving the respondent of its property without due process of law and of the equal protection of the law, contrary to the guaranties of the constitution of the United States and the amendments thereof.

Has the respondent by its proof overcome the presumption of reasonableness which the statutes of Florida cast around the findings of its Railroad Commission? We answer unhesitatingly that it has failed to sustain the return in both particulars.

Without attempting to set out what amount of proof is necessary to overcome such presumptions, we shall content ourselves with pointing out a few only of the lapses in the proof offered us. There is a total lack of positive proof that the commission rate is materially less than that now charged. The company proves merely that its books do not show that any local phosphate has been carried by it, but does not show what rate it charges on the interstate shipments of phosphate. There is some showing of the expensiveness of handling phosphate for foreign shipment, much of which would not enter into the local or intrastate business, should such be carried, but nothing is shown from which this court can say that the rate fixed by the Commission is unreasonable. The evidence offered might tend to show that the rate is unnecessary or that it is speculative, but such questions the court is not called upon to decide. Undoubtedly if phosphate be carried at the rate fixed by the Commission there will be some increase in the gross earnings, and when tried it may be found profitable.

The other issue the respondent has likewise failed to meet. Taking the figures from the brief filed by the respondent we find that the local business alone produces a net earning of at least 3 per cent. on the total value of the road in Florida, charging against such income the whole of the taxes. While a State is not permitted to offset local business against interstate business, and to justify low local rates by reason of the profitableness of the latter, yet the inter-

VOL. 48, JUNE TERM, 1904.    149

State *ex rel.* Att'y-Gen. v. A. C. L. R. R. Co.—Opinion of Court.

state and foreign business may and should be considered in determining the proportion of the value of the property of the company assignable to local business.

There is no proper showing of the interestate and foreign business, so that we may determine on what fraction of the whole value of the property in Florida the company might be entitled to earn an income from local business; there is, however, a showing that the interstate and foreign business is large and on a proper showing and a proper proportioning of the service between domestic and foreign business this percentage of net income would be largely increased. Under the scheme of distribution of the earnings of the whole road between the several States through which it runs, a ton of Florida oranges or early vegetables is allowed the same credit as a ton of coal in Virginia, and no more.

We have examined with care all the rate cases decided by the Supreme Court of the United States and see nothing therein to conflict with the views expressed above.

Under the burden of proof cast by the law upon the respondent, we find that the rate in question is not unreasonable, and further find that said rate, taken in connection with the other rates prescribed by the Railroad Commission, does not deprive the respondent of its property without due process of law, nor does it deprive the respondent of the equal protection of the law within the inhibitions of the Federal constitution.

Mr. Justice CARTER, who has been called away by reason of illness in his family, took part in the discussion of this case and stated his concurrence with the conclusions announced.

The peremptory writ is awarded.

TAYLOR, C. J., SHACKLEFORD, HOCKER and WHITFIELD, JJ., concur.

CARTER, J., absent.